[Cite as *State v. Bolduc*, 2025-Ohio-3264.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024 CA 00101 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Common Pleas Court, Criminal Division, Case No. 2024 CR 00605 |
| CHRISTOPHER BOLDUC, | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry:September 8, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** ERIC M. DEPUE, for Plaintiff-Appellee; KAITLYN A. O'HARA, for Defendant-Appellant.

OPINION

*Montgomery, J.*

{¶1}   This matter comes before this Court upon the request of appellate counsel to withdraw as counsel and Appellant's *Anders* Brief filed by Attorney Kaitlyn A. O'Hara, counsel for Appellant Christopher Bolduc (hereinafter "Bolduc') filed on March 14, 2025. An Entry stating that Bolduc was supplied with a copy of the *Anders* brief and his right to file a pro se brief was filed with the trial court on March 28, 2025.

{¶2}   Bolduc has not filed a pro se brief.

{¶3}   The State of Ohio has not filed a reply brief.

## STATEMENT OF THE FACTS AND THE CASE

{¶4} This case arises from two separate incidents wherein Bolduc stole property from two different locations.

{¶5} The first incident occurred when Bolduc stole a bike and a backpack from W.F.'s garage.

{¶6} The second incident occurred when Bolduc stole a base guitar from the garage of P.V.

{¶7} Bolduc was indicted by the Licking County Grand Jury on August 28, 2025, on the following counts:

Count One: Breaking and Entering, in violation of R.C. 2911.13(A)

Count Two: Breaking and Entering, in violation of R.C. 2911.13(A).

{¶8} Bolduc was arraigned on September 3, 2024, and entered pleas of not guilty to the charges contained in the indictment.

{¶9} On December 18, 2024, Bolduc verbally entered into a plea of no contest and signed an *Entry of No Contest Plea*.

{¶10} A *Judgment of Conviction and Sentence* was filed with the court on December 18, 2024. Per the *Judgment of Conviction and Sentence,* Bolduc was found guilty of two counts of breaking and entering and sentenced to nine months on each count. The trial court ordered that the sentences be served consecutively for a total stated prison term of eighteen (18) months. *Id.*, pp. 2, 3.

## STANDARD OF REVIEW

**{¶11}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders v. California,* 386 U.S. 738. The U.S. Supreme Court found if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.*

**{¶12}** The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed wholly frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

## Proposed Potential Assignment of Error

**{¶13}** "I.   THE TRIAL COURT ERRED IN ACCEPTING BOLDUC'S NO CONTEST PLEAS UNDER CRIM. R. 11 AND ERRED IN SENTENCING HIM."

## ANALYSIS

**{¶14}** Criminal Rule 11 governs pleas and rights of defendants during a sentencing. Crim.R. 11(C)(2) states:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶15}** In the case at hand, during the sentencing hearing Bolduc was asked the following questions by the Court:

a)  Do you understand that if you plead No Contest, if the allegations in the Indictment are sufficient to charge you with an offense, then I have to find you guilty?" *Change of Plea and Sentencing Transcript*, p. 9.

b)  Do you understand that by pleading No Contest, that means you're giving up your right to have a trial? *Id.*

c)  Do you understand what the potential penalties could be for each offense?  *Id.*

d) Do you understand that if you're sent to prison, then you would be subject to serve a period of post release control supervision also? *Id.*, p. 10.

e) Do you understand that if you violate that supervision, then you could be sent back to prison for up to one-half of the sentence originally imposed in the case? *Id.*

f) [d]o you understand that by pleading No Contest, you'll be giving up your right to have a jury of 12 people determine your guilt or innocence? *Id.*, p. 11.

{¶16} Bolduc answered in the affirmative to each of the Court's questions and several other questions the Court asked regarding his rights.

{¶17} Bolduc and his attorney both made allocution statements to the trial court prior to the court imposing its sentence.

{¶18} The Court stated, "I've considered the statements of the parties, the overriding purposes of felony sentencing, the relevant seriousness, the recidivism factors. *** I simply cannot find that you're amenable to community control or probation. That means I'm going to send you to prison." *Id.*, p. 24.

{¶19} The Court went on to say, "I impose consecutive terms because I find that the imposition of concurrent terms would demean the seriousness of the offense and they are not disproportionate." *Id.*, p. 25.

{¶20} The trial court, "considered the record, the statements of the parties, any victim impact statement and Pre-sentence Investigation Report prepared, as well as the purposes and principles of sentencing set forth in R.C. 2929.11 and balanced the

seriousness and recidivism factors set forth in R.C. 2929.12." *Judgment of Conviction and Sentence*, p. 2.

**{¶21}** The trial court also found, "Pursuant to R.C. 2929.14(C)(4), the Court orders that the sentences imposed on Counts 1 and 2 be served consecutively to each other because the Court finds that consecutive terms are necessary to protect the public from future crime, and to punish the offender; and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.*, p. 3.

**{¶22}** Based upon this Court's independent review of the record, we find that the trial court did not abuse its' discretion in accepting Bolduc's plea of No Contest. This Court also finds that Bolduc was sentenced within the statutory range. We find no arguably meritorious issues exist with respect to whether Bolduc's sentence was contrary to law.

## CONCLUSION

**{¶23}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.*

**{¶24}** Attorney Kaitlyn A. O'Hara's motion to withdraw as counsel for Bolduc is hereby granted.

{¶25} The Judgment of Conviction and Sentence of the Licking County Court of Common Pleas is affirmed.

{¶26} Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.